Johnston, Ch.
I concur, except upon the point of the ex-ecutorship, on which I doubt whether the will sufficiently appointed the defendant. I have no doubt, however, that the office was in Mr. Mayrant, by the grant of letters to him, which were irregularly revoked.
O’Neall, J.
In this case I adhere to the opinion expressed in the State ex relatione Simmons vs. Watson, Ordinary.
I have often examined the question, and I confess that I am utterly unable to understand how Samuel Mayrant is made out to be the executor. To be so by implication, or according to the tenor, he must have the office and charge of an executor devolved upon him, by the plain intent of the testatrix, to be collected from her will. If it be doubtful, he is not entitled to probate. In Richardson on Wills, 316, an example is given of an executor from the tenor. He says, “if the testator by his testament declares that Richard Roe shall have his goods after his death to pay his debts, and otherwise to dispose of them at his will and pleasure,” it makes him executor. ■ This presents the ingredients necessary for such an implication. There must be either a direction to pay debts or legacies, or a bequest of the residue after the payment of debts, or debts and legacies, to constitute an executorship by implication of law. For in that way, the office and charge can alone be shewn. 'Ihe cases from the English Ecclesiastical reports furnish the same rule. In the goods *? of Fry, 3 Eng. Ecc. R. 35, the testator directed three persons to pay his debts, funeral expenses, and expenses of probate — and also directed them to receive the rent and profits of, and also to sell, his real estate. The court held that the power to pay debts and expenses made them executors, but that the power of receiving rents and profits, and selling the real estate, only constituted them trustees. In the goods of Lieut. Col. Ried, 3 Eng. Ecc. R. 200, the will was made at Madras, where the testator died, and where probate was also had, in the first instance. The will contained the following passages, to wit: “The little property I possess, being in household goods, plate, carriages, horses, &c. I give, after all my just debts in Madras are paid, to my dearly beloved wife Lydia, to apply and dispose of as she may think proper,” and concluded in these words. “I refrain from separating into small parcels the little property that may arise from the sale of my effects, but wish my dear' and affectionate wife may enjoy the whole, after, as I before said, my just debts, in Madras, are paid.” The testator had £330 in England, in his agent’s hands. The widow, to whom probate had been granted in Madras, applied to have probate in England. The court (Sir John Nichol) said, “it is very doubtful whether, according to the true construction, the widow is sole legatee and executrix,” and declined to allow to her probate, but granted to her administration with the will annexed.
The case just cited is certainly an abundantly stronger case than this. It is plain that the testator gave his wife the residue of his effects in Madras, after payment of his debts, but, as the will might not carry the funds in England, the judge thought she could not be executrix. Still in the paper, and from it, she had partially the office and charge. That, however, I argue, was not enough, she must have it entire.
In the case before us, who is to pay Mrs. Mayrant’s debts? Is there a word said about them ? What is to become of her property until the sons’ outfit should be furnished, and a division of the balance made ? There are no directions in any of these respects. The only thing in the will which looks like executor-ship is that part which says. “It appears to me that the opinion of the father was, that his sons should have a good education out of the property, and as much as was a necessary outfit for pursuing the profession or business, and the remainder to be divided between my daughters, and it is my desire, this should be carried into effect, according to the judgment of my brother- *462 in-law, Mr. Samuel Mayrant.” Now, do these words create the office and charge of an executor ?- Certainly not. They require three acts to be done. 1st. Educate the sons. 2d. Fix upon an amount of money or property for an outfit for the profession or business which they may respectively pursue; and 3d. the balance to be divided among the daughters. By whom were these things to be done ? They were to be according to the judgment of Samuel Mayrant, and the education of the sons by a previous clause was devolved upon him. But there is nothing in the clause which shews that Samuel Mayrant was to be, or do, any thing else beyond that of a mere adviser. He was to say how much he thought would be an outfit for each of the sons — and then he was to say how the balance should be divided between the daughters. In other words, the testatrix, instead of saying how much each should have, said my brother-in-law, Mr. Mayrant, may fix that in my place. That did not make him executor.
I think, as I said in the case of the State ex relatione Simmons vs. Watson, that this doctrine of executorship according to the tenor, is not the law of South Carolina. The Act of ’89, as well as that of ’39, declares that the Ordinary, when no executor is appointed by a will, shall grant administration cum testamento annexo to the person who by law would have been entitled to the administration if the testator had died intestate. It cannot be pretended that an executor according to the tenor is an executor appointed by the testator. The law implies, where no executor is appointed, that the testator intended him to do the duty of an executor. But after an Act directing that where an executor should not be appointed, administration should be granted, it surely cannot be pretended, that an executorship according to the tenor may still exist. Judge Grimke, in his law of executors, from the begining to the end of his work, does not allude to an executor according to the tenor. When commenting on the Act of ’89 he says, “if the executors refuse, or there are no executors, the administration must be granted,” &c. Grimke Law Ex’ors. 168.
Taking the whole case, there is so much doubt on the execu-torship, that it is safer and better that administration with the will annexed should be granted, or the estate treated as derelict for the want of such administration.
Evans, J. concurred.